THE COUNTY COMMISSIONERS OF McLEOD COUNTY

*vs.*

GIDEON K. GILBERT.

Under the laws in force in this state in 1860, and 1861, an absolute responsibility was imposed upon a county treasurer for all moneys received by him as such treasurer, independent of his responsibility upon his official bond.

*Held*, that this action, which is brought to recover moneys received by defendant as county treasurer which he has failed to account for and pay over, is properly brought, under *sec.* 7, *art.* 2, *ch.* 15, *Laws* 1860; the remedies provided for in *ch.* 3, *Laws* 1860 (as amended) as, for instance, in *sections* 14, 30, 33, 34, 39, not being exclusive.

This action was brought in the district court for McLeod county to recover of the defendant certain moneys alleged to have been received by him as treasurer of said county, and which he had failed to pay over or account for. Defendant admitted the receipt of the money, &c., and alleged as matter of defense that the same had been stolen from a safe furnished him by the plaintiffs in which to deposit his funds. Judgment was rendered for the plaintiffs for the amount claimed, and the defendant appeals therefrom to this court.

I. ATWATER and P. BELFOY, for Appellant.

I.   This is not an action on the treasurer's bond, but against the treasurer in person. There is, therefore, no other liability against him, save such as the statute imposes.

II.    The court below held the defendant absolutely liable, as an insurer of the funds in his hands, and that it was no defense in this action that the funds were stolen, without any fault or negligence on his part.    This view is based on the following statutes, cited by the court in its opinion :

*Sec.* 12, *Laws of* 1860, *p.* 54, *and sec.* 40, *p.* 62 ; *sec.* 21, *Laws of* 1861, *p.* 33 ; *sec.* 12, *chap.* 3, *Laws of* 1860, *as amended by Laws of* 1861, *p.* 38 ; *sec.* 30, *same act,* as amended by Laws of 1861, *p.* 42 ; *Laws of* 1860, *p.* 67, *sec.* 2.

We submit that the proper construction of said acts does not justify the legal conclusion of the court.

III.    The treasurer of the county of McLeod was a depositary or bailee for hire of the public money, and is responsible for the safe keeping of the moneys to the same extent, and for the same reasons, that bailees are held responsible.

*Laws of* 1860, *p.* 68, *secs.* 6 *and* 9; *p.* 74, *sec.* 30; *sec.* 34, *p.* 75 ; *Laws of* 1861, *p.* 42, *sec.* 30. ·

The doctrine in regard to the liability of bailees for hire is correctly stated in *Albany vs. Dorr*, 25 *Wen.* 440 ; *Browning vs. Hanford*, 5 *Hill.* 588 ; *Story on Bailments*, 4th Ed., § 24, 97, 130 ; *Smith Lead. Cas.* 283 ; *Ross vs. Hatch, Co. Treas.*, 5 *Iowa*, 149.

Although the evidence has been returned as a part of the case, yet the court below has practically decided it on the pleadings, on the theory that the answer, if true, constituted no defense.

CORNELL & BRADLEY, for Respondents.

The liability of a county treasurer for moneys collected, is not that of a depositary or bailee for hire ; he stands rather in the position of a debtor for the amount collected.    His liability is an absolute one to account for and pay over the same to the

proper authorities—a liability imposed by statute and from which he can only be discharged in the manner pointed out by the statute. It matters not whether his omission to account for and pay over such funds in the way prescribed by statute arises from misfeasance or neglect, unavoidable accident or felony committed by another; it furnishes no defense to an action founded on such omission. Public policy requires a stringent enforcement of this rule.

*U. S. vs. Prescott*, 3 *How. U. S.* 588; *Meggy vs. Shattuck*, 1 *Dew.* 233–8; *Board of Commissioners Hennepin Co. vs. Jones*, 18 *Minn.* 199.

*By the Court.*—Berry, J.—This action is brought to recover of defendant certain moneys received by him as county treasurer of McLeod county, which he has failed to account for and pay over. The defense is, that without any privity, connivance or consent of defendant, the safe which had been furnished him by the county commissioners in which to keep funds received by him as treasurer, and in which the moneys sued for in this action had been by him deposited, was broken open by some person to him unknown, and said moneys stolen therefrom, and that no part of the same has ever been recovered.

This case differs from *Board Commissioners Hennepin County vs. Jones*, 18 *Minn.* 199, in the respect that in that case the action was based and brought upon the official bond of the county treasurer, while the present action is based upon the supposed liability of a county treasurer independent of his official bond. In the case cited we held, and mainly upon a consideration of the terms of the bond which in compliance with the statute was conditioned that the county treasurer "shall during his term of office, safely keep and faithfully pay over, according to law, all moneys which come into his hands, etc.," that

County Commissioners of McLeod County v. Gilbert.

an *absolute responsibility* was imposed upon the county treasurer for all moneys received by him as such treasurer. We further held that the county treasurer was not exonerated from this absolute responsibility by the fact that moneys so received by him had been stolen under circumstances substantially like those set up in this action, as above stated.

We are of opinion that the same degree of responsibility rests upon a county treasurer independent and outside of his liability upon his official bond.

This action was brought prior to the time when the General Statutes went into effect. The liability of the defendant is, therefore, to be ascertained by reference to *chapters* 2 *and* 3, *Laws* 1860, and *chapters* 2 *and* 3, *Laws* 1861, though the provisions of these chapters, so far as we shall refer to them, seem to have been substantially preserved in the General Statutes under which our decision was made in *Board of Com., etc. vs. Jones.* Sec. 21, *ch.* 2, *Laws* 1860, as amended by sec. 4, *ch.* 2, *Laws* 1861, enacts that " the county auditor shall attend at his office on or before the last day of February, and also on or before the 10th day of October, annually, to make settlement with the treasurer of his county, and ascertain the amount of taxes with which such treasurer *is to stand charged;* " and after deducting from the taxes charged on the duplicate such taxes as the treasurer has been unable to collect, and the treasurer's collection fees, " the treasurer *shall be held liable* for the balance of such taxes; and the auditor shall certify in the manner required by law, the balance *due* to the state, the balance *due* to the county, the balance for road purposes, and the balance *due* to the township." * * * *See also sections* 8 *and* 12, *ch.* 3, *Laws* 1860, *as amended in sections* 1 *and* 2, *ch.* 3, *Laws* 1861.

*Sec.* 22, *ch.* 2, *Laws* 1860, *as amended by section* 5, *ch.* 2, *Laws* 1861, enacts that " the county auditor shall open an account

with each township, city, incorporated village or school district in his county, in which, immediately after his semi-annual settlement with the county treasurer in each year, he shall *credit* each township, city,  \*  \*  \*  with *the net amount so collected* for the use of any such township ;  \*  \* \*   and on application of any township, city,  \*  \*  \* treasurer, the auditor shall give him an order on the county treasurer for the amount then *due* to such township,  \*  \* \*   and shall *charge* them respectively with the amount of such order." By *section* 12, *ch.* 2, *Laws* 1860, the county auditor is required to " keep an accurate account current " with the county treasurer, and to " *charge* " such treasurer with the amount of any money paid into the treasury, a receipt for which is filed with said auditor. *See also sec.* 7, *ch.* 3, *Laws* 1860. *By section* 40, *ch.* 2, *Laws* 1860, the county auditor is required to " *charge* " the county treasurer with all moneys received by him under the provisions of *section* 39, in redemption of lands forfeited for taxes. *By section* 9, *ch.* 3, *Laws* 1860, it is provided that the county treasurer shall be the collector of all taxes assessed upon the duplicate in his county, and he shall proceed to collect the same according to law and place the same *when collected* to the *credit of the county.*

By *sec.* 30, *ch* 3, *Laws* 1860, amended by *sec.* 7, *ch.* 3, *Laws* 1861, it is made " the duty of the county treasurer of the county to pay over to the treasurer of any municipal corporation or organized township or other body, on the orders of the proper officers, at any time, *all moneys received by him* arising from taxes levied and collected belonging to such municipal corporation,  \*  \*  and immediately after his settlement in February and October in each year, pay over *all moneys ;*  \* \*  \*  \*  and such moneys *as said treasurer may receive* after that time for delinquent taxes, belonging to such township or other corporation, he shall pay over to the treasurer

County Commissioners of McLeod County v. Gilbert.

thereof,    *    *    *    and for a failure to pay over money held by him to the proper authority when demanded, or failure to account for *money received by him as required by law*, he shall be deemed guilty of felony."    *    *    *    By *sec. 38, ch. 3, Laws* 1860, *as amended in section* 10, *ch. 3, Laws* 1861, the county treasurer is required to make a settlement with the auditor, and on the 15th day of March, to pay over to the treasurer of state *all moneys by him received* for state purposes, agreeably to the certificate of settlement with the auditor of his county.

These provisions of statute (portions of which we have italicized by way of emphasis,) indicate, in our opinion, a clear and distinct purpose to impose upon county treasurers an absolute and unconditional responsibility for the moneys received by them in their official capacity.   To our minds it is too plain to justify detailed argument that the effect of this legislation is to *charge* county treasurers with *all moneys* coming to them as treasurers, and as there is no provision for their *discharge*, save upon accounting for and paying over the *whole* of the same (less collection fees), their liability to account for and pay over the whole is absolute and unconditional.

We have not referred to the requirements of the statute in respect to the treasurer's bond, or the condition thereof, or the statutory liability of the treasurer or his sureties thereupon; since this action is not brought upon the bond, although these requirements have a general tendency to show the purpose of the legislation in regard to the liability of county treasurers.   Neither have we in this opinion referred to considerations of public policy as affecting the responsibility which should be exacted from depositaries of public money, deeming it unnecessary to add anything to what is said on this point in *Board Com. etc., vs. Jones.*

Upon the argument at bar, we understood the counsel to claim that the remedies against the county treasurer provided for in *ch.* 3, *laws* 1860, and amendments thereto, as for instance upon his bond, (*sec.* 14,) and under *secs.* 30, 33, 34, 39, were exclusive, and that, therefore, this action could not be sustained. The point was not made upon the counsel's brief, but if we correctly apprehend it, we think it is sufficiently answered by a reference to *section* 7, *article* 2, *ch.* 15, *laws* 1860, which provides that "in all cases where their respective counties may have been injured, or may hereafter be injured, in their goods, chattels, lands, tenements, rights, credits, effects or contracts, such commissioners shall and may　*　* bring any suit or suits, action or actions, either in law or equity, which may be best calculated to obtain redress for any injury." What particular reason led the commissioners to bring this action, as they have done, we know not, but no objection appears to have been taken to their mode of proceeding except as above.

This disposes of all the questions which we were asked to consider in the case, and the result is that the judgment below is affirmed.