BOARD OF COUNTY COMMISSIONERS OF REDWOOD COUNTY *vs*. AMASA TOWER and others.

May 20, 1881.

**County Treasurer—Liability for Stolen Funds.**— Rule in *County of Hennepin* v. *Jones*, 18 Minn. 199, and *County of McLeod* v. *Gilbert*, 19 Minn. 214, that the responsibility of a county treasurer for public moneys in his hands is absolute, so that the fact that without his fault the money was stolen from him does not relieve him, followed and applied.

**Same—Receipts from School Lands.**—A county treasurer's general bond does not cover moneys coming into his hands on account of sales of school and university lands.

**Same — Complaint — Averment Showing a Successor in Office.**— The allegations in a complaint that one Tower held and discharged the duties of the office of county treasurer, " during the entire term of two years for which he was elected, as aforesaid, to wit, from March 1, 1878, until March 1, 1880, at which last-mentioned date said Amasa Tower surrendered said office to his successor in said office," and " that subsequent to March 1, 1880, to wit, on or about March 2, 1880, the county treasurer of said county, then and there being the successor in office to said Amasa Tower, as aforesaid, and acting officially as such county treasurer, duly demanded," etc., sufficiently show that there was a legal successor in office to said Amasa Tower, to whom he ought to have delivered public funds in his hands as treasurer.

**Same— Delivery of Funds to Successor—Demand not necessary.**—If a county treasurer, who, at the end of his term, surrenders his office to his successor in office, fail to deliver public funds in his hands, it is a breach of his official duty for which he and his sureties are liable, without any express demand for such funds.

**Same—Omission of Seals to Official Bond.**—A county treasurer and his sureties, when sued on his official bond, cannot be permitted to object that, in executing the bond, they omitted to put their seals to it.

Plaintiff brought this action in the district court for the county of Redwood, on the bond of defendant Tower as county treasurer. The case was tried by *Cox*, J., and a jury, and defendants had a verdict. This appeal is brought by defendants from an order granting a new trial.

*Baldwin, Miller & Morrill,* for appellants.

*Alfred Wallin,* for respondent.

GILFILLAN, C. J. The complaint is upon the official bond of defendant Tower, as treasurer of the county of Redwood, executed by him as principal, and the other defendants as sureties, conditioned as provided in the statute. The breach alleged is that, at the end of the term for which he was elected, he neglected and refused to pay over to his successor in office, on the demand of such successor, the sum of $1,099.66, belonging in the county treasury, which he had, as such treasurer, collected and received from taxes and various other sources of public revenue, and then had in his custody.

The answer contains, in addition to some denials, many allegations having no possible bearing upon the matter of the action. The only new matter in it necessary to mention is the allegation (in substance) that the sum mentioned in the complaint was received by Tower, on May 27, 1879, too late to be deposited in the bank which had been designated by the county commissioners as the depository for county funds, and he therefore deposited it in a safe, provided by the county commissioners for safe-keeping of papers and money, and that, without any fault of his, the safe was broken open and the money stolen. Also, that of the sum mentioned in the complaint, about $50 was a part of the state land fund, and was received by him under Gen. St. 1878, c. 38, §§ 35, 36, and that he had given to the state the bond required by section 36, to secure the money so received. The first of these matters has no tendency to relieve the treasurer from liability. *County of Hennepin* v. *Jones,* 18 Minn. 199; *County of McLeod* v. *Gilbert,* 19 Minn. 214. The second is a partial defence. As decided by this court in *State* v. *Young,* 23 Minn. 551, the general bond of a county treasurer does not cover moneys paid to him on account of sales of school and university lands.

Assuming the complaint to be good, then, but for the denials in the answer, there was no reason why plaintiff should not have had a verdict for the amount claimed, less the part of it coming into the treasurer's hands on account of sales of school or university lands. The objections to the complaint seem to be to the effect that it does not show there was any successor in office to the defendant Tower,

and that therefore there was no one authorized to demand the money of him, and no one to whom he could legally pay it; and also that the instrument sued on, a copy of which is attached to the complaint, is not a bond, because there is no seal to it.

The complaint does not directly allege that any one was elected to succeed Tower as treasurer, nor that any one qualified as his successor. It alleges that he (Tower) held and discharged the duties of the office "during the entire term of two years for which he was elected, as aforesaid, to wit, from March 1, 1878, until March 1, 1880, at which last-mentioned date said Amasa Tower surrendered said office to his successor in said office;" and "that subsequent to March 1, 1880, to wit, on or about March 2, 1880, the county treasurer of said county, then and there being the successor in office to said Amasa Tower, as aforesaid, and acting officially as such county treasurer, duly demanded," etc. Though this, as an allegation that there was a legal successor in office to Tower, is not so precise and definite as to be a model of good pleading, it is sufficient. No one could read the complaint without understanding that plaintiffs intended to charge as a fact that there was a legal successor to Tower; and when there is enough in a pleading to enable the opposite party and the court to understand what is intended, the purpose of pleading is accomplished. No express demand by the successor in office was necessary. The statute (Gen. St. 1878, *c.* 8, § 173,) makes it the duty of an outgoing county treasurer, on going out of office, to deliver to his successor in office all the public money, books, accounts, papers and documents in his possession. If defendant Tower, when he surrendered the office to his successor, failed to deliver to him moneys which he ought then to have delivered, it was a breach of duty, for which he and his sureties were liable.

The instrument attached to the complaint is in the form of a bond, but it has no seal of any of the parties executing it. It is, therefore, not a bond. The statute requires a bond. Gen. St. 1878, *c.* 8, § 145. But that there must be a seal to a bond is a mere technical requirement—a thing which does not affect the substance of the instrument. And we think that where parties assume to comply with the statute in such a case, it does not lie with them to object

that they have omitted some mere matter of form. The substance of the instrument being what the statute requires, they ought not to be permitted to say that, by reason of their neglect in matter of form, it does not come under the technical designation given in the statute. The liability of defendants on it is the same as though it had a seal. On the trial an attempt was made to show an insertion in the instrument of certain words after its execution. The words indicated by the evidence did not change the effect of the instrument.

Order affirmed.