# CHARLESTON.

UNITED STATES FIDELITY & GUARANTY CO. *v.* CENTRAL TRUST CO., *Receiver.*

Submitted September 11, 1923.    Decided January 29, 1924.

1. BANKS AND BANKING—*Permission of Commissioner of Banking to Sue Receiver of Insolvent Bank Not Necessary.*

    To maintain a suit against the receiver of an insolvent bank, it is not necessary to secure leave of the state commissioner of banking appointing such receiver. (p. 460).

2. SAME—*General Creditors Not Necessary Parties in Suit Against Receiver to Establish Claim Preference.*

    In a suit against the receiver of an insolvent bank for the purpose of establishing right of preference of a claim against the assets of the bank, the general creditors of the bank are not necessary parties. (p. 460).

3. STATES—*Right of State to Preference Against Insolvent Debtor Based on Preferential Right as Creditor.*

    The right of the State to preference in its claim against an insolvent debtor does not depend on any trust or fiduciary relation between it and the debtor, but is based on the State's preferential right as a creditor. (p. 460).

4. BANKS AND BANKING—*Title to Property of Insolvent Bank Does Not Pass to Receiver.*

    Title to the property of an insolvent bank does not pass to a receiver appointed by the commissioner of banking pursuant to statute to take possession of the assets of the bank and administer its affairs under the direction of the commissioner or a court of competent jurisdiction. (p. 461).

5. SUBROGATION—*Prerogative of State to Preference Over General Creditors Exercisable by Surety Paying Debt to State.*

    The prerogative right of the State to preference over gen-

eral creditors may be claimed and exercised by a surety who has paid to the State the debt due it from the debtor without prior claim of such right by the State.  (p. 462).

Case certified from Circuit Court, Kanawha County.

Suit by the United States Fidelity & Guaranty Company against the Central Trust Company, receiver.  A demurrer to the bill was overruled, and questions certified.

*Ruling affirmed.*

*Poffenbarger, Blue & Dayton,* for plaintiff.
*Brown, Jackson & Knight,* for defendant.

MILLER, JUDGE:

Plaintiff, surety on bonds of the Day and Night Bank to secure the State of West Virginia, by this suit seeks to be subrogated to the prerogative right of the State as a preferred creditor of the bank.  The circuit court overruled defendant's demurrer to the bill, and has certified to us for decision the questions presented by the demurrer.

On July 21, 1919, the state commissioner of banking found the Day and Night Bank of Charleston, West Virginia, to be in an insolvent condition, and, pursuant to statute, appointed the defendant Central Trust Company receiver for said bank.  At the time the State had on deposit in the bank state funds amounting to about $87,000.00.  By letter of August 14, 1919, the plaintiff gave notice to defendant that it took the position that funds of the State on deposit in said bank constituted a preferred or preferential claim in favor of the State, and that the State should be paid in full before the claims of any other depositor.  Later plaintiff paid to the State in full the amount of its liability on the bonds, and took from the treasurer of the State an assignment of all the rights, claims and demands it had or held in any way against the bank, but without recourse against the State.  Since the receiver took charge of the bank, it has paid to plaintiff $30,171.71 out of the assets of the said bank.  It is further alleged that the receiver has in its hands enough money of the assets of the bank to pay the State's claim in full, but

not sufficient to satisfy the claims of all other depositors. Plaintiff alleges that it has demanded of defendant the payment of its claim in full out of the bank's assets, but that defendant has refused, assigning as reason for refusal that it is advised that the State is without such preferential rights as claimed by plaintiff.

The grounds of demurrer assigned are: (1) that suit can not be maintained without the consent of the state commissioner of banking; (2) that all other creditors of the bank must be made parties; (3) that the State is not entitled to priority, because there is no trust or fiduciary relation between it and the bank; (4) that by the appointment of the receiver title to the property passed to it, and the bank was thereby divested of all title and interest therein, and neither the State nor any one in its right could claim priority in the distribution of the assets; (5) that the prerogative right of the State to priority is peculiar to it, and can not be exercised by plaintiff.

The first and second points of demurrer assigned are answered by our decision in *Alleman* v. *Sayre,* 79 W. Va. 763, where we held that, "the general creditors of an insolvent bank are not necessary parties to a suit against the receiver thereof, having for its purposes the establishment of a right of preference in payment out of the assets of the bank in his hands;" and that "leave of the commissioner of banking, to sue a receiver of an insolvent bank, is not essential to the institution or maintenance of a suit against him."

In the case of *Woodyard* v. *Sayre,* 90 W. Va. 295, 24 A. L. R. 1497, we held that at common law the State had the prerogative right independently of statute to preference and priority of payment over all general creditors, for all debts, taxes or other demands, in the distribution of the estate of an insolvent debtor, and that such prerogative right has not been repealed, changed or abrogated by statute in this State; and that the surety on the bond of a defaulting sheriff, who has paid and satisfied to the State the amount of the defalcation in discharge of the conditions of the bond, is entitled to be subrogated to all the rights of the State, including the State's priority and preference over general creditors. It

is insisted by counsel for defendant here, that the Woodyard case is different from the one under consideration; that in this case there is no such relation of trust between the debtor and creditor as in the former case, and that the bank does not stand in a fiduciary capacity as does a sheriff. An examination of the cases cited and relied on as authority in the opinion in the Woodyard case, will reveal the fact that our decision there was not based on the particular trust or fiduciary relation existing between the State and the sheriff, but was based on the relationship of debtor and creditor, when the State is the creditor. It is true that the claim of the State in that case was for taxes collected and in the hands of the sheriff at the time of his default; and it was urged by defendant in that case that taxes are not debts. An examination of the Woodyard case will show that our decision there was predicated on the general doctrine of subrogation when a surety has paid the debt of his principal.

Does the passing of the possession of the insolvent's property to the receiver divest the insolvent of title? Some authorities so hold. Some of the cases cited by defendant's counsel are where there were voluntary assignments; in some the statute transfers title to the receiver. But whether there is any difference between an assignment of the property for the benefit of creditors and the passing of such property into possession of the receiver by operation of law, we need not say, for our own cases hold that a receiver is an officer of the court that appoints him, and that the property of which he has charge is *in custodia legis;* and that his possession is the possession of the court. *Bank* v. *Bryan,* 76 W. Va. 481, L. R. A. 1915F, 1219; *Bowling* v. *Insurance Co.,* 86 W. Va. 164; *Ruhl* v. *Ruhl,* 24 W. Va. 279; *Blair* v. *Core,* 20 W. Va. 265; *Krohn* v. *Weinberger,* 47 W. Va. 127. Nor does the appointment of a receiver affect the rights or priorities of creditors. *Hulings* v. *Jones,* 63 W. Va. 696; *Seiler* v. *Mfg. Co.,* 50 W. Va. 208, 219; *Krohn* v. *Weinberger, supra.*

By section 81a (7), chapter 54, Code, 1923, the commissioner of banking is given concurrent jurisdiction with the circuit court to appoint receivers for insolvent banks. Being executive and not judicial officers, the commissioner of banking

and receivers appointed by him have only such powers and authority as are conferred upon them by statute. A receiver appointed by the commissioner of banking acts under the directions of the commissioner, or by order of a court of competent jurisdiction; and in either case the bank property in his possession is *in custodia legis.* The statute says that he shall take possession of the bank's books, moneys, records and assets, but does not confer on him title to the property of the bank.

And it has been held by the Supreme Court of the United States that the sovereign is not bound by the general language of a statute, and is not bound by the provisions of an insolvency law, unless specifically mentioned therein. *Guaranty Title & Trust Co.* v. *Title Guaranty & Surety Co.,* 224 U. S. 152; *Bank* v. *United States,* 19 Wall. 227, 239; *United States* v. *Herron,* 20 Wall. 251; *Lewis, Receiver,* v. *United States,* 92 U. S. 618.

The fifth ground of demurrer assigned is that the prerogative right of the State can only be asserted by the sovereign itself, and if it does not elect to do so, such right is waived by the State, and can not be exercised by another.

The right of plaintiff in this case is founded on the universal and well-settled principle of subrogation, that a surety who has paid the debt of his principal is entitled to be subrogated to all rights, remedies, securities and priorities of the creditor against the principal debtor. He is, generally speaking, placed in the precise position of the person to whose rights he is subrogated, and is entitled to all the remedies available to such person. This does not limit him to such rights and remedies as the creditor elects to exercise. To so hold would be contrary to the basic principle of subrogation, which is equity, or natural justice. 25 R. C. L. 1327, 1377, and cases cited in notes. In *Litterdale* v. *Robinson,* 2 Brock. 159, 168, Mr. Chief Justice Marshall said: ''Where a person has paid money for which others were responsible, the equitable claim which such payment gives him on those who were so responsible, shall be clothed with the legal garb with which the contract he has discharged was invested, and he shall be

substituted, to every equitable intent and purpose, in the place of the creditor whose claim he has discharged.''

It is true the State took a bond to secure its deposits in the bank; but can it be said that it thereby waived its prerogative right to preference? Before discovery of the insolvency of a bank, all the assets of the bank might be dissipated, and there would not remain anything to pay even the State's claim; or, as is often the case, the assets may be of such nature that years would be required to realize upon them. Hence the statute requiring bond of state depositories. In this case the State took the course by which it could realize upon its claim the earliest, and demanded payment by the surety; but this fact is not evidence that it intended thereby to waive, if it could do so, its preference over general creditors. And it has been held that the State does not lose its right of preference by taking security to cover its deposits in a bank. Ann. Cas. 1916B, note p. 1266.

Our conclusion is that the circuit court was right in overruling the demurrer to plaintiff's bill.

*Ruling affirmed.*