*State ex rel.* County Court of Doddridge County *v.* Doddridge County Bank *et al.*

(No. 8112)

Submitted October 22, 1935. Decided December 10, 1935.

684

*Thomas J. Davis* and *G. W. Farr*, for plaintiffs in error.

*Louis A. Henderson* and *S. A. Powell,* for defendant in error.

LITZ, PRESIDENT:

This is an action on an alleged depository bond in which judgment was entered on a directed verdict for the plaintiff.

The bond, or writing, executed as such, June 27, 1932, by defendants, Doddridge County Bank, J. G. Charter, L. R. Charter, Jr., G. W. Farr, J. F. Maxwell, Eli Nutter and W. D. Gribble, and payable to the State of West Virginia in the penalty of $100,000.00, recites: "The condition of the above obligation is such that if the above bond, Doddridge County Bank, of West Union, West Virginia, which has heretofore been made a depository for public money for the county of Doddridge, State of West Virginia, by the county court of Doddridge County, West Virginia, shall receive, safely keep and pay over all money which may be deposited or come under the custody of the said Doddridge County Bank of West Union, West Virginia, together with the interest thereon

at the rate specified by the law of the State of West Virginia, and shall faithfully perform all of the duties imposed by said law upon said bank as such depository of public money, as otherwise required by law, then the above obligation to be void, otherwise to remain in full force." The instrument recites also that it is sealed with the seals of the obligors, but in fact it bears no seal except the corporate seal of the principal. The bank served as depository for Doddridge County under the purported bond from July 1, 1932, to July 8, 1933, when it was closed by the state commissioner of banking. Since July 19, 1933, its affairs have been under the control and supervision of a receiver appointed by the commissioner to liquidate and administer its assets. At the time of the appointment of the receiver, the bank was liable as a county depository for public funds deposited with it by the sheriff of Doddridge County, as *ex officio* treasurer thereof, in the sum of $23,788.96, the amount of the verdict and judgment.

The designation of the bank as a county depository was entered by the county court in special session under a call which did not specifically provide for the designation of county depositories, in accordance with Code 1931, 7-6-1. The sheriff served the process commencing the suit. A motion to quash the summons on the ground that he is interested in the suit was overruled because the defendants, in the opinion of the court, had already appeared generally. The declaration contained a complete copy of the bond. The original was introduced in evidence. At the time of its execution the bank had on deposit as county depository, under a previous bond, public funds amounting to $13,448.93. The trial court refused to admit evidence of disparaging rumors, concerning the solvency of the bank, which the sheriff reported to the county court in the month of June, 1933, between which time and the closing of the bank its liability under the bond increased possibly $10,000.00 or more. An effort was made by the defendant sureties to show that part of the deposits, for which the bank is liable under the bond, were state funds.

The sureties on the bond, who prosecute this writ, contend: (1) that the bank was not legally designated as a county de-

·pository; (2) that the trial court committed error in over-ruling the motion to quash the process; (3) that the writing sued on is not the bond of the sureties; (4) that the bond did not cover the public funds held by the bank as county depository at the time it became effective; (5) that there is a variance between the bond as pleaded and proved; (6) that it was error for the court to reject evidence of rumors reported by the sheriff to the county court concerning the solvency of the bank; (7) that the court, in fixing the amount of the verdict and judgment, should have taken into account the theory that a portion of the funds sued for belonged to the State; (8) that the verdict and judgment includes an overcharge of interest, amounting to $38.64.

The first contention is unsubstantial. It was not necessary for the bank to have been designated by the county court as a county depository before it qualified by executing bond. *County Court of Nicholas County* v. *Morrison,* 115 W. Va. 18, 174 S. E. 562.

The motion to quash the summons on the ground that the sheriff, who served the process, was interested in the suit, was properly overruled, because the defendants had, prior to the motion, appeared generally by filing special pleas setting up non-joinder and misjoinder of parties. " * * * defect in a summons or return thereon, may be waived, and an appearance to the action for any other purpose than to take advantage thereof, constitutes a waiver of such defect. If a defendant appears in a cause and moves or consents to a continuance, or enters his appearance and files a pleading therein to the merits, or does anything else indicating that he does not seek to avail himself of a defect in the summons or return thereof, such defect is thereby waived." Hogg's Pleading & Forms (4th Ed.), sec. 14. "Broadly stated, any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance." 4 C. J. 1333.

It is doubtful whether the writing under consideration is technically a bond as to the sureties. " * * * when a seal of a natural person is required to a paper, he may affix thereto a scroll by way of seal, or adopt as his seal any scroll, written

or engraved, made thereon by another." Section 6, article 2, chapter 2, Code 1931. A scroll placed as a seal opposite the name of one of two parties signing an instrument, which concludes with the words, "witness the following signatures and seals," is sufficient as a seal for both parties. *Norvell* v. *Walker,* 9 W. Va. 447, 450. But it does not matter, in our opinion, whether the writing is technically a sealed instrument as to the sureties or not. In either event, they are liable. "The fact that in executing a bond, given for the faithful performance of official duties, the sureties omit to put their seals to it, does not relieve them from responsibility. The instrument is not, technically, a bond. Still the requirement of a seal is merely technical, and its omission does not affect the substance of the instrument. When the parties assume to comply with the statute in such a case, it does not lie with them to object that they have omitted some mere matter of form, the substance of the instrument being what the statute requires: *Boothbay* v. *Giles,* 68 Me. 160; *Board of County Commrs.* v. *Tower,* 28 Minn. 45, 8 N. W. 907; *Skellinger* v. *Yendes,* 12 Wend. (N. Y.) 306; *Fairport Union Free School* v. *Fonda,* 77 N. Y. 350; *First Nat. Bank* v. *Briggs,* 69 Vt. 12, 60 Am. St. Rep. 922, 37 Atl. 231; *United States* v. *Linn,* 15 Pet. 290." 90 Am. St. Rep. 188, 195, Annotation on Official Bonds. "The deposit of money in reliance on a bond constitutes a consideration for it, and where past and future deposits are to be considered as one entire fund, the agreement to make or the making of future deposits furnishes a sufficient consideration for the bond covering all such deposits." 18 C. J. 586.

The trial court properly refused to consider the public funds held by the bank, as county depository under a previous bond, at the time the disputed bond became effective, in determining the amount of the verdict and judgment. "When an official serves successive terms and has a bond with different sureties for each term, the sureties on the bond for the last term are responsible for money in the hands of the official at the time of the execution of such bond, and it will be presumed that the principal had in his hands moneys which he ought to have had at the beginning of the term covered by the bond." 46 C. J. 1073, cited in *County Court of Green-*

*brier County* v. *Bank of Williamsburg*, 116 W. Va. 344, 180 S. E. 445. "Ordinarily a (depository) bond covers the money already on deposit at the time it becomes effective, and there is generally in legal effect a redeposit of such money, although the wording of the bond may be such as to preclude this construction, as where it refers expressly to funds which 'shall be deposited.'" 18 C. J. 588.

As the bond pleaded was identical with the instrument introduced in evidence, the claim of variance is baseless.

The court properly excluded evidence of disparaging rumors relating to the solvency of the bank which the sheriff reported to the county court. The defendant sureties, as officers or stockholders of the bank, are presumed to have been as well informed concerning its affairs as the county court or sheriff, and there is no claim of protest by any of them against the deposit of public funds therein. It seems that the sheriff was directed by the county court to continue depositing public funds in the bank for the reason that the only other county depository refused to pay interest as required by law. Whether the sheriff was negligent in continuing to deposit public funds in the bank after hearing unfavorable rumors pertaining to its solvency, is of no legal significance to the sureties. Sureties on official bonds are not discharged by the negligence of officers of the government or their failure properly to perform their duties. 46 C. J. 1074.

There is no merit in the theory that the amount of the verdict and judgment should be reduced to the extent of the interest in the funds belonging to the state. The evidence is not sufficient to determine what amount, if any, was state funds, and the bond would cover all deposits of public funds coming into the hands of the sheriff as *ex officio* county treasurer. The sureties will, however, upon payment of the judgment, succeed to the preferential rights of the state as a creditor of the bank if, in fact, the deposits, for which the bank has not accounted, included state funds. *U. S. Fidelity & Guaranty Co.* v. *Central Trust Co.*, 95 W. Va. 458, 121 S. E. 430.

Assuming that the amount of the verdict and judgment is

excessive, on account of interest overcharge, in the sum of $38.64, this would not be cause for reversal.

The court properly refused to consider the fact, asserted by the sureties, that they did not own, at the time of signing the bond, real estate having an assessed valuation, in excess of encumbrances thereon, equal to the penalty of obligation as required by section 2, article 6, chapter 7 of the Code. "The fact that public officials accept depository bond not complying with controling statute, does not exonerate sureties, since by the execution and delivery of the bond they estop themselves to question the effect and validity thereof." *Pace* v. *State*, 189 Ark. 1104, 76 S. W. (2d) 294.

The judgment complained of is, therefore, affirmed.

*Affirmed.*