# CHARLESTON.

## STATE v. NUTTER.

### (McWHORTER, JUDGE, absent.)

Submitted January 15, 1898—Decided March 23, 1898.

1. APPEAL—*Action by State—Liquor License—Bond.*

The State has right to writ of error in an action by it on a bond given under s. 22, c. 32, Code 1891, to obtain license to sell liquors, if regarded as a criminal case, as it concerns the revenue. But in law it is a civil action, with right of appeal in the State. (p. 386).

2. LIQUOR LICENSE—*Bond—Liability on Bond.*

A bond given to obtain license to sell liquors under s. 22, c. 32, Code 1891, conditioned as therein directed, binds its obligors to pay fines and costs recovered by the State on indictment for acts violating its condition. Such bond is good to answer for any act violating its condition. (p. 386).

3. BOND—*Sureties—Sureties' Liability—Lex Loci Contractus.*

Sureties stand on the letter of their contract, which is not to be extended by mere implication. But the law at the time of the contract is part of it, and, if it give to the contract a certain legal effect, it is as much part of it as if in terms incorporated therein, unless the law requires its insertion, and sureties are bound according to such law. (p. 387).

4. BOND—*Judgment against principal—Sureties' Liability—Fraud.*

A judgment against a principal does not bind the surety conclusively, as a general rule, but it is *prima facie* evidence of liability and its extent. If, however, the instrument binds its makers to abide the result of certain litigation, or to satisfy any judgment therein, or to indemnify against it, a judgment against the principal is conclusive upon the sureties, so that they cannot contest the liability, in the absence of fraud or collusion. (p. 388).

Error to Circuit Court, Kanawha County.

Action by the State against William E. Nutter and others. Defendants had judgment, and plaintiff brings error.

*Reversed.*

EDGAR P. RUCKER, ATTORNEY GENERAL, and MCWHORTER & LOWENSTEIN, for the State.

W. S. LAIDLEY and J. W. KENNEDY, for defendant in error.

BRANNON, PRESIDENT:

This is a writ of error by the State from a judgment dismissing her action on a demurrer to a declaration in debt upon a bond given by Nutter and others upon the granting of a license to sell spirituous liquors, to recover upon the bond fines and costs which had been imposed on Nutter for selling to minors. Counsel argues for Nutter that this Court has no jurisdiction. Code 1891, c. 160, s. 3, gives the State a writ of error in any case for violation of a law relating to the revenue. These fines were imposed under chapter 32, which relates to the revenue, and they go to the revenue; and *State* v. *Church*, 4 W. Va., 745, holds that a violation of the conditions of a bond given to obtain license to sell liquors "is a violation of the law relating to the revenue, and is a case in which the State may have a writ of error." So, if we regard the case as a criminal case, we have jurisdiction. But it is a civil case. Being an action of debt against several obligors in a bond, no matter that the ground of the imposition of the fines was a criminal act. The basis of this action is a contract or covenant to pay money, as below shown.

It is contended that the declaration states no cause of action; that the bond contains no provision in its condition that the obligors would pay fines and costs that might be imposed under ndictments; ithat it only provides that Nutter will not permit persons to drink to intoxication on his premises, or sell to persons intoxicated, or known to have the habit of drinking to intoxication, or to minors, or sell on Sunday, and that he should pay all damage and costs recovered against him by any person under any Code provision. It is contended that

this stipulation to pay "such damages and costs as may be recovered by any person" relates to damages and costs recovered in civil actions, under section 22, by those injured in person, property, or support from unlawful sale, and not to fines recovered by the State.   These provisions of chapter 32 are to be construed as remedial by command of section 49, and it would not be, perhaps, wrong on this clause alone to say that fines and costs recovered by the State fall within the spirit, though not within the letter, of the words "damages and costs."   But when we see that section 22, providing for this bond, expressly says that it shall stand good for "fines and costs recovered for any offence" under the chapter which is a violation of any of the conditions of the bond, "as well as for the damages hereinbefore provided for," —meaning damages for injury to persons in person, property, or support,—it becomes clear that we should construe this particular clause of the bond to cover fines and attendant costs for selling to minors, as that is an offense violating the letter of the bond.   So, the clause binding the obligors in the bond to pay "all such damages and costs as might be recovered against Nutter by any person under any of the provisions of chapter 32" is to be held an affirmative stipulation to pay fines and costs.   It is true the bond does not, in terms, stipulate for their payment, and we are told that a declaration must follow the terms of the bond, and find its cause of action in its letter, and, unless it shows a liability nominated in it,—one which it in terms and letter engages to satisfy,—it shows no ground of recovery, and that especially we must not stretch the letter of the bond against sureties under the guise of liberal construction.   It is settled that the law regards sureties with tenderness, and allows them to stand on the letter of their contract, and binds them no further than the instrument points out.   *Bank* v. *Parsons*, 42 W. Va., 151, (24 S. E. 554,) *Leonard* v. *County Court*, 25 W. Va., 45.   But this principle cannot defeat the fair import of the surety's undertaking under the law, and the object to be attained by the undertaking.   When these sureties signed this bond, it provided, in words, against the sale to minors, and then the law declared that the bond should secure payment of fines and costs for violating that provision, and they were bound

to know the legal effect of that bond. The statute gave it that effect, just as much as if the bond had provided that Nutter should pay such fines. The law in force at the date of a public bond, fixing a certain condition for it, and saying what its obligation shall be, is a part of it as effectually as if such obligation were in words inserted in it. Murfree, Off. Bonds, § 193; 2 Brandt, Sur. § 454; *White* v. *Prigmore*, 29 Ark. 208. In *Lightner* v. *Com.*, 31 Pa. St. 341, bond of a liquor dealer. provided "for the faithful observance of all the laws relating to the business of the principal obligor," and it was held good for forfeiture for keeping a tippling house, because the statute made it good therefor, though the bond did not mention them. In *Day* v. *Frank*, 127 Mass. 497, bond was "to pay all damages which may be recovered under the provisions of said act." Held good for judgment for selling to a minor. Bond of a liquor dealer is violated by any offense against the law for the observance of which it is conditioned. Black, Intox. Liq. § 200. By signing, the parties adopt the law as part of the bond. If we do not so hold, we frustrate the plain purpose of the statute. It is not necessary to allege that the parties undertook to pay the fines, as if such were in fact in the condition, for it is not necessary to plead law, but state the condition as it was; and it legally follows that the defendants were, under the bond, bound to pay the fines.

It is argued that the declaration simply avers the recovery of judgment for the fines, and does not aver that Nutter did sell to minors, and it must allege the sale as an original averment, and such sale must be proven, and that the judgments for the fines are no evidence of liability against the sureties, they being no parties to the indictments, and not having had an opportunity to defend, and that no judgment can bind a party without notice and chance to defend. In fact the declaration so avers; but it was not necessary to so aver further than to say Nutter had been convicted for such sale. The allegation that fines were recovered for that offense by judgment is enough.

What is the effect of the judgments for fines upon the sureties? They are conclusive. There has been much discussion upon the question of the effect of a judgment

against the principal upon the surety.    Judgments bind parties and privies in estate, but a surety is not a privy in estate with the principal, and it is not on the ground of privity that the surety is bound.    I think that in this State a judgment against a principal does not bind the surety, as a general rule.    Bigelow, Estop. 145; *Craddock* v. *Turner*, 6 Leigh, 116; *Munford* v. *Overseers of Poor*, 2 Rand. (Va.) 313; *Jacobs* v. *Hill*, 2 Leigh, 393; Black, Judgm. § 586.    These cases overrule *Baker* v. *Preston*, Gilmer, 235.    There is high authority, however, in favor of the conclusiveness of a judgment against the principal upon the sureties.    *Stovall* v. *Banks*, 10 Wall. 583; Bigelow, Estop. 146, note 2.    I said above that the judgment is not generally conclusive upon sureties.    It depends upon the character of the bond.    If it undertakes to pay such judgment as may be recovered, that judgment is conclusive, because that judgment is the event on the happening of which the surety agrees to pay.    *Crawford* v. *Turk*, 24 Grat. 176.    "If the effect of the obligation is such that the surety is to be bound by the result of litigation between others, he is, in the absence of fraud or collusion, concluded by such result."    1 Brandt, Sur. § 110; Herm. Estop. §§ 139, 153; Black, Judgm. § 586.    Where the bond is not merely to pay damages, but for indemnity against liability by judgment, it is conclusive.    *Conner* v. *Reeves*, 103 N. Y. 527, (9 N. E. 439); *Riddle* v. *Baker*, 13 Cal. 295.    It would hardly be questioned that, when judgment upon an appeal from a justice requires appellant to pay money, the judgment is conclusive upon the surety.    So, when a judgment for money against a defendant is affirmed by this Court, that affirmance would be conclusive upon the sureties in the supersedeas bond, because by the bond he undertook to pay the debt.    It would conclusively fix the liability and its amount, and the sureties could not reopen those questions when sued on the bond.    But it would be different on an ordinary bond or note simply promising payment of money.    As shown above, this bond stipulated for the payment of these fines, and thus the judgment is conclusive as to the liability of Nutter and his sureties.    In no view is the action of the court sustaining the demurrer correct, as the judgments are clearly *prima facie*, at least.    *Cox* v. *Thomas*, 9 Grat. 323; Herm. Estop.

§ 161. All that was necessary was to show the judgments for the fines to entitle the State to recover. It could also recover costs. They do not go to officers. At any rate, not in first instance; only through the State. The title to the costs was vested in the State as much as the fines. We reverse the judgment, overrule the demurrer, and remand the case for further proceedings.

*Reversed.*