# CHARLESTON.

STATE to Use of UNITED STATES SCHOOL-FURNITURE CO. *v.* McGUIRE, *et al.*

Submitted February 8, 1899—Decided April 8, 1899.

1. PLEADING—*Declaration—Action on Bond.*
    A declaration upon a bond or other writing need give only its legal effect, and must do that, so far as pertinent to the action. (p. 330.)

2. OFFICIAL BOND—*Lex Loci Contractus.*
    The law in force at the time of the execution of a public bond is part of it, and the effect of it; in law, must be held to be known to its makers, as if in words incorporated therein. (p. 331.)

3. OFFICIAL BOND—*Construction.*
    · Where the condition of an official bond contains some valid provisions, and others not valid or warranted by law, the bad ones, if separable from the good, will be ignored. (p. 331.)

4. OFFICIAL BOND—*Sheriff—Construction.*
    A bond of a sheriff provided for the faithful discharge of his duties as sheriff, and that he "shall account for and pay over all money that shall come to his hands for school purposes for the year 1893, as provided in section 46, chapter 45, of the Code."

The words and figures "for the year 1893" will be eliminated and ignored, and the bond held to cover school money received by the sheriff in any year of his term.   (p. 332.)

5.   OFFICIAL BOND—*Construction—Mistake of Officer—Action on Bond.*

Where a court or officer has authority to take a bond, and makes a mistake by omitting some condition prescribed by law, or inserting a condition not authorized or illegal, unless the statute, by express words or necessary implication, makes it wholly void, the bond is not void; the good shall not be vitiated by the bad; and the bond may be sued on, so far as the conditions are good, as a statutory bond.   (p. 332.)

6.   PLEADING—*Action on Bond—Plea of Payment.*

Where in an action on a bond, the only plea is payment, the bond need not be produced in evidence.   (p. 333.)

Error to Circuit Court, Webster County.

Action by the State, for the use of the United States School-Furniture Company, against P. J. McGuire and others.   Judgment for plaintiffs.   Defendants bring error.

*Affirmed.*

WATTS & ASHBY, for plaintiffs in error.

MOLLIHAN & McCLINTIC and W. G. MATHEWS, for defendant in error.

BRANNON, JUDGE:

This was an action of debt in the circuit court of Webster County by the State, for the benefit of the United States School-Furniture Company, against P. J. McGuire, and the sureties in an official bond given by him, as sheriff, for school moneys, in which there was judgment for plaintiff.

The def' idants complain that the court overruled a demurrer to the declaration, and the point on which chiefly they would rest this assignment of error is that the bond, as the declaration states, has the condition reciting McGuire's election as sheriff, and providing that if he should "faithfully discharge the duties of his office of sheriff of Webster County, and account for and pay over all money that shall come into his hands by virtue of his said office for school purposes for the year 1893, as provided in section 46 of chapter 45 of the Code, then the above obligation to be void," and that, though the letter of the bond limited

the liability of the sureties to the year 1893, the declaration does not show that the default of the sheriff was in 1893, or that the transaction alleged (the nonpayment of certain school drafts drawn by boards of education on the sheriff) had reference to 1893. The declaration alleges that the sheriff, while in office, collected certain amounts of money belonging to these districts, and that drafts (dated in 1893 and 1894) on him were not paid. The bond was dated October 2, 1893. So we have the question whether the bond binds the sureties for payment of money collected at any time during the term, or is limited to moneys collected for 1893. A declaration upon a writing must declare upon it according to its legal effect. If it does this, no more can be required. If, when brought under legal construction, this bond limits the liability of its makers to school money received in 1893, then the declaration is perhaps faulty, as it fails to allege that McGuire collected money of that year to pay this draft; but, if its effect covers money of any year during the term, then the fault does not exist in the declaration. Indeed, as it charges that the sheriff "on and after 2d day of October, 1893, and during his continuance in office," collected and received money for the use of the boards of education of Fork Lick and Glade districts, we may say it charges that he received money of 1893.

But, going back to the question mentioned above, does this bond cover money of other years than 1893? I hold that it does. The words in it, "for the year 1893," are as surplusage,—in fact, without sanction of law, and therefore contrary to law. Section 46, chapter 45, Code 1891, provides that the sheriff shall receive and disburse all school moneys for the various districts of his county, and requires the county court to require of him, in addition to his general bond, a special bond as to school moneys, and, in prescribing its penalty,—merely in prescribing its penalty,—directs that the penalty shall be "equal to double the amount of school money which will probably come into his hands for school purposes during any one year of his term of office. This does not limit the obligation of the bond to one year, but the statute plainly means that it shall cover any school money received during his term; and therefore the insertion of those words in the bond was

the insertion of a limitation upon its binding force unsanc-
-toined by, and contrary to, law. But counsel say: "Look at
the letter of the bond. It binds the sureties only for money
of 1893." That might be so if the bond were between pri-
-vate individuals,—a private contract; but this is a public
bond, given under statute, contemplating that it shall cover
all school money received by the sheriff during his term, and
not contemplating such a restriction, and, when the sure-
ties signed it, they must be held to have known that the law
required such a bond, and that it had a certain legal force.
Sureties stand on "the letter of the bond," it is true, and it
cannot be stretched, as a general rule; but the law in force
at the execution of the bond, giving it a certain legal effect,
is part of the bond, and sureties engage with eyes open to
that law. *State* v. *Nutter*, 44 W. Va. 385, (30 S. E. 67.)
This view is strengthened when we reflect that the statute
requiring this bond does not specify its condition, and
therefore we must go to the general provision pre-
scribing the condition for official bonds; and there we
find that the Code, c. 10, s. 6, says that, in an officer's bond,
the condition "shall be for the faithful discharge by him
of the duties of his office and for accounting for and paying
over, as required by law, all money which may come to
his hands by virtue of the said office." This covers "all
money which may come to his hands by virtue of the said
office," and the presence of the clause "for the year 1893"
in McGuire's bond is a departure from this statute, and a
violation of it. The law will purge the bond of this phrase.
Where the statute says that a bond not taken conformably
to it shall be void, a bond departing from it will be void;
but where it merely prescribes a condition, and does not de-
clare a bond not conforming to it void, a clause not warren-
ted by the law, or contrary to it, is alone void, and will be
eliminated. *Justices* v. *Winn*, Dud. (Ga.) 22. In *Newman*
v. *Newman*, 4 Maule & S. 70, Lord Ellenborough said, "Ad-
mitting the condition of this bond to be ill as to one part, it
seems that it may be well as to other parts, for you may
separate at the common law the bad from the good." The
old maxim, *Utile per inutile non vitiatur*," solves the ques-
tion. It was unanimously agreed in Pigot's Case, 11 Coke,
27, that, in case certain conditions of a bond are against

law, some good and lawful, "'the conditions which are against law are void, the others stand good." "Though the condition of a statutory bond contains more than is required, it will not invalidate the bond, if the good can be eliminated from the bad." 4 Myers, Fed. Dec. section 234; *Farrar* v. *U. S.*, 5 Pet. 373. Gibson v. Beckham, 16 Grat. 331, follows the old law, in holding that where a court taking a bond makes a mistake "by omitting some condition prescribed, or inserting a condition not authorized or illegal, unless the statute, by express words or necessary implication, makes it wholly void, the bond is not void. The good shall not be vitiated by the bad, and the bond may be sued on, so far as the conditions are good, as a statutory bond." It is not asserted that this bond is void, but that the clause "for the year 1893" limits the force of it to money of that year. But I cite the above law to show that we must eliminate that clause from the bond. This leaves the bond to say that the sheriff shall faithfully discharge his duties, and account for and pay over all money coming to his hands by virtue of his office for school purposes, as provided in section 46, chapter 45, of the Code,—provisions amply broad to cover all money received during his term. The clause for the faithful discharge of duties would be enough to cover failure to pay the drafts, without the clause to pay over money. *Poling* v. *Maddox*, 41, W. Va. 781, (24 S. E. 999;) Murfree, Off. Bonds, section 189. Though not essential to the decision, I think the declaration alleges the reception of money of 1893, and it would make no difference that some of the drafts were drawn in 1894. Courts struggle to make public bonds answer public justice.

The declaration says that the school drafts were indorsed "Pay to sheriff of Webster County, or order for collection and remittance for account of U. S. School-Furniture Company," and sent to McGuire, and received by him, and that he kept them, converted them to his own use by receiving credit for them in his settlements with the boards of education, and never paid them to the furniture company, and refused so to do. It is claimed that the sheriff was thus made the company's agent, and the sureties are not liable. This point is untenable. They were sent to the sheriff for payment and remittance, as the endorsement

shows.  Surely, if a person risks sending to a sheriff a school
order, to be paid and remitted, he does not make him his
agent to collect, and absolve liability as sheriff.   He in-
trusts it to him only for payment, just as if, standing in his.
office, he would hand him the draft and request payment.
Was there any other intention?   If he retained the orders.
as sheriff, he was bound as sheriff to pay them.   The owners.
could sue on the bond, and need not sue the sheriff alone in
*assumpsit.*

The court refused an instruction that the plaintiff
must produce the bond, but, as the only plea was payment,
—a plea of confession and avoidance, admitting the execu--
tion of the bond,—it was not necessary to produce it. *Ham-
ilton* v. *Moore*, 4 Watts Q S. 570.                                    •

Some instructions were given for plaintiff.   I see no
error in them.   They involve nothing of importance requir-
ing discussion, and as the case does not go back for new
trial, and the instructions are not discussed in the brief, it.
is needless to discuss them.

*Affirmed.*