## AMERICAN SURETY CO. *v.* SMALL QUARRIES CO.

Where a bond was given by a contractor for the doing of public work, payable to a county of this State, with a compensated bonding company as surety, in such terms as are stated in the question propounded by the Court of Appeals, one who furnished materials to the contractor to be used, and which were used, in the performance of his contract with the county cannot maintain an action therefor in his own name against the principal and surety on the bond, by virtue of the provisions of the act approved August 19, 1916 (Ga. Laws 1916, p. 94). 8 Park's Code Supp. § 389(f) et seq.

No. 3716. DECEMBER 11, 1923.

The Court of Appeals certified the following question (in Case No. 13891) : "Where a bond is given by a contractor for the doing of public work, payable to a county of this State, with a compensated bonding company as surety, conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county, so as to indemnify and save harmless the said county from all cost, expenses, damages, injury, or loss from the execution and performance of said contract, and from all cost and charges that may accrue on account of the work specified under the contract, and for the payments, as they become due, of all just claims for work, tools, machinery, labor, and materials furnished by persons under and for the purpose of said contract; and where such bond with such surety does not in terms state that it is given in conformity with the law embraced in Park's Code of Georgia, Supplement, § 389(c) et seq., but where the bond in all respects thus accurately conforms to the provisions of said statute, unless it be that it does not state that it is given 'for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such con-

3

tract,' can one who furnished materials to the contractor to be used, and which were used, in the performance of his contract with the county, maintain an action therefor in his own name against the principal and the surety on the bond, by virtue of the provisions of Park's Code Supplement, § 389(f) et seq.?"

*Robert W. Barnes,* for plaintiff in error.

*Jones, Park & Johnston,* contra.

GILBERT, J. The question propounded by the Court of Appeals calls for the construction of a contract of suretyship. The Civil Code (1910), § 3540, declares: "The contract of suretyship is one of strict law, and his liability will not be extended by implication or interpretation." The act of the General Assembly approved Aug. 19, 1916 (Ga. Laws 1916, p. 94), requires a county of this State, in making contracts for public works, to take a bond insuring it and those doing work or furnishing skill, tools, machinery, or materials for the purpose of such contract against loss. The first section of the act provides, in so far as is material to the question before us, as follows: "No contract with . . a county . . for the doing of any public work shall be valid for any purpose, unless the contractor shall give bond payable to the . . body contracted with, with good and sufficient surety, *for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract,* conditioned for the completion of the contract in accordance with its terms, for saving the obligee free from all costs and charges that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill, and materials furnished by persons under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto." In the bond actually given the words italicized above were omitted. Otherwise the bond was admittedly in substantial compliance with and in the language of the above-mentioned act. Section 2 of the act, in so far as applicable, provides as follows: "If such bond . . be not taken in *manner and form* as herein required, the corporation or body for which work is done under the contract shall be liable to all persons furnishing labor, skill, tools, machinery, or materials to the contractor thereunder, for any loss resulting to them from such failure." Section 4 of the act provides: "If no suit shall be

brought by the obligee on said bond within ninety days after the completion of the contract and the acceptance of said public building or public work by the proper public authority, then the person doing work or furnishing skill, tools, machinery, or materials to the contractor for said public building or public work," may bring suit on the bond in the manner specified therein.

The question propounded indicates that Small Quarries Company furnished material used by the contractor in doing the county's public work under the contract, and was not paid therefor. The county did not bring suit on the bond within ninety days after the completion of the contract, and the Quarries Company filed suit against the Surety Company for the amount due them, basing their claim upon the aforementioned act of the General Assembly. The bond of the surety company did not provide in terms to pay any indemnity to the county "for the use of persons doing work or furnishing skill, tools, machinery, or materials under and for the purpose of the contract." Counsel for the Quarries Company concede "that the Quarries Company has no right of action on this bond except such as is given by statute," and the Surety Company contends that the bond was not a statutory bond based upon and in compliance with the act of 1916, but that it is restricted in its obligation to the saving of the county free from all costs and damages that may accrue. We think that the omission of the language italicized above from the face of the bond constituted a substantial variance from the "manner and form" required under the act of 1916. Construing the bond strictly, as we are compelled to do, under § 3540 of the Civil Code of this State, quoted above, we are driven to the conclusion that the bond is not a statutory bond in compliance with the act in question; and therefore the Quarries Company could not sue the surety company in their own name. Whether they should have brought the suit in the name of the county for the use of the Quarries Company, or whether they should have sued the county under section 2 of the act providing for a liability on the part of the county upon failure to take bond in the manner and form as required, is not now for decision.      *All the Justices concur, except*

HINES, J., dissenting. The contractor's bond with a bonding company as surety is payable to the county, and is conditioned for the faithful compliance by the contractor with the terms and con-

ditions of his contract with the county for the doing of public work, so as to indemnify and save harmless the county from all cost, expenses, damages, injury, or loss from the execution and performance of said contract, and from all cost and charges that may accrue on account of the work specified under the contract, and for the payments as they become due of all just claims for work, tools, machinery, labor, and materials furnished by persons under and for the purpose of said contract. The statute provides that no contract with a county "for the doing of any public work shall be valid for any purpose, unless the contractor shall give bond, payable to" the county "contracted with, with good and sufficient surety, for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned for the completion of the contract in accordance with its terms, for saving the obligee free from all costs and charges that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill, and materials furnished by persons under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto." Park's Code Supp. § 389(c); Acts 1916, pp. 94, 95. "Any person entitled to the protection of such bond may maintain an action thereon for the amount due him, subject to the provisions hereinafter stated. If suit is instituted on the bond of the contractor by the obligee named therein, any person doing work or furnishing skill, tools, machinery, or materials to the contractor in the construction or repair of any public building or public work belonging to the obligee, and payment for which has not yet been made, shall have the right to intervene and be made a party to said action, and have his rights and claims adjudicated in such action." Park's Code Supplement, § 389(f). The bond in this case comes fully within the terms of this statute, except that it does not expressly state that it was given "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of" the contract between the contractor and the county. Does this omission destroy its character as a bond under this statute, and make it simply a common-law undertaking? The proper answer to this question depends to some extent upon the rule which is adopted in construing this statute. Should the rule

of strictissimi juris be applied, or should a more liberal and com-mon sense rule be adopted?

It is true that the ordinary "contract of suretyship is one of strict law, and his liability will not be extended by implication or interpretation." · Civil Code (1910), § 3540. But this statute expressly declares that this rule shall not apply to bonds given by contractors thereunder. "No agreement, modification, or change in the contract or change in the work covered thereby, nor any extension of time for the completion of the contract shall release the sureties of said bond." Park's Code Supplement, § 389(d). Here this act expressly strikes down the strict-law doctrine appli-cable to contracts of suretyship. It completely wipes out most, if not all, of the things which by the common law and the above sec-tion of our code release sureties. The legislative intent in this matter is unmistakable. The plain intention of the legislature is to do away with the above rule of the code in construing these obli-gations. So it has been held that statutes providing for bonds of this character shall be liberally construed. U. S. v. Bugdorf, 13 App. D. C. 506; Columbia Co. v. Con. Contract Co., 83 Ore. 251 (163 Pac. 438).

The code declares that when an officer required by law to give bond acts under a bond which is not conditioned as prescribed by law, such bond is not void, but stands in the place of the official bond. Civil Code. (1910), § 298. A bond of the character of the one under consideration has been held to be within a statute pre-scribing, like the above section of the code, that defects in official bonds shall not vitiate them. Holthouse v. State, 49 Ind. App. 178 (97 N. E. 130). The law in force at the time of the execu-tion of a public bond is part of it, and the effect of it, in law, must be held to be known to its makers as if in words incorporated therein. State for use, etc., v. McGuire, 46 W. Va. 328 (33 S. E. 313, 76 Am. St. R. 822). So where a bond is given under the authority of a statute, that which is not expressed, but should have been incorporated, is included. Chambers v. Cline, 60 W. Va. 588 (55 S. E. 999). "A bond given under a statute must be construed, as to the scope of its obligation, to cover the objects of the statute in requiring it, if its words will at all allow such construction, and the statute is to be regarded a part of it." State v. Wotring, 56 W. Va. 394 (49 S. E. 365). The maker and surety of a statutory

bond are presumed to have known the terms of a statute, and to have bound themselves in reference thereto. United States Fidelity & Guaranty Co. *v.* Fultz, 76 Ark. 410 (89 S. W. 93) ; Crawford *v.* Ozark Ins. Co., 97 Ark. 549 (134 S. W. 951). So it has been decided, that where a bond was given by a government contractor pursuant to act of Feb. 24, 1904 (U. S. Comp. St. 1911, 1071, § 6923), prescribing the substance and conditions of the bond, the statutory provisions were as binding upon the principal and surety as if they had been written in the bond in the terms of the statute. People *v.* Metropolitan Surety Co., 211 N. Y. 107 (103 N. E. 99). The law at the time of the execution of the bond is a part of it. If the law gives to the contract a certain legal effect, it is as much a .part of the bond as if in terms incorporated therein. 9 C. J. 34, § 56; State *v.* Nutter, 44 W. Va. 385 (30 S. E. 67). This being so, the provision of the statute that the bond is for the use of the county and those furnishing labor or material under the contract will be read into the bond.

The bond under consideration in all respects accurately conforms to the act of 1916, and is a statutory bond, unless the omission of the language of the act, "for the use of the obligee and of all persons doing work, or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," destroys its statutory character. This instrument does not in so many words declare it is given for the use of the county, and of persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of the contract between the county and the contractor; but its express terms make it plain and manifest that it is given for such uses. It is made payable to the county, and is conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county. This is a clear declaration that it is for the benefit and use of the county, which is the obligee. This is just as transparent as if the declaration had been put in the bond. It is also conditioned "for the payments, as they become due, of all just claims for work, tools, machinery, labor, and materials furnished by persons under and for the purpose of said contract." The plain and unmistakable meaning of this provision of the bond is that it is made for the use of the persons furnishing labor or materials under the contract. The meaning would not be any clearer, if it had been stated in totidem verbis

that it was for their use. The bond, complying substantially with the requirements of the statute, is a statutory bond; and being such a bond, one who furnished materials to the contractor under this contract with the county can maintain an action on the bond in his own name against the principal and surety.