COUNTY COURT OF MONONGALIA COUNTY *v.* BANK OF THE MONONGAHELA VALLEY *et al.*

(No. 7332)

Submitted May 25, 1932. Decided June 11, 1932.

*George R. Farmer,* for appellants.
*Albert Shuman, Robert T. Donley* and *L. S. Trotter,* for appellee.

LITZ, JUDGE:

This suit was instituted by the county court of Monongalia County against Bank of Monongahela Valley, an insolvent banking institution of Morgantown, C. E. Lawhead, receiver thereof, and L. R. Charter, commissioner of banking of West Virginia, to have decreed in favor of plaintiff a trust lien on the assets of the defendant bank.

By written contract between the parties, dated August 2, 1930, Bank of Monongahela Valley took over the assets and assumed the liabilities of Union Bank & Trust Company,

another banking institution of Morgantown, which thereupon ceased to do business and surrendered its certificate of authority. The contract was executed under, and in accordance with Acts of 1929, chapter 23, section 31, authorizing any banking institution to take over the assets and assume the liabilities of another, and providing: "Upon the completion of such purchase or consolidation as herein prescribed, the purchasing or consolidated corporation shall possess all the rights, privileges, powers and franchises of each of the participating corporations and the entire assets, business, good will and franchises of each shall be vested in the purchasing or consolidated corporation and the corporations may execute such deeds or instruments of conveyance as may be convenient to confirm the same and the purchasing or consolidated corporation shall assume and be liable for all debts, accounts, undertakings, contractural obligations and liabilities *of every name and nature,* as may be agreed upon, of the participating corporation and shall exercise and be subject *to all the duties, relations, obligations, trusts, and liabilities* of each of the participating corporations, either as debtor, *depository,* registrar, transferee, agent, executor, administrator, trustee, or otherwise, and shall be liable *to pay and discharge all such debts and liabilities,* to perform all such duties and to administer all such trusts *in the same manner and to the same extent as if the purchasing or consolidated corporation had itself incurred the obligation or liability* or assumed the duty, relation, or trust." At the time of the merger each bank was a legally designated and qualified county depository for Monongalia county, the Union Bank then having on deposit $85,904.94 and the Valley Bank $100,-000.00 county funds. On September 30, 1930, a county order drawn on the Union Bank prior to the merger for $25,000.00 was paid by the Valley Bank, leaving a balance of the county funds originally deposited in the Union Bank of $60,878.54. The Valley Bank, which was closed by the commissioner of banking December 31, 1930, had kept on deposit continuously from the date of the merger county funds directly deposited therein by the sheriff, as ex-officio treasurer of the county, in the regular course of business at least $100,000.00.

Section 50, chapter 39, Code 1923, provides: "The county court of each county, by order of record, shall designate, in the manner hereinafter provided, a bank, or banks, or trust companies situated in the county and duly incorporated under the laws of this state, or organized under the laws of the United States, as a depository, or depositories of public moneys; provided, that in any county where no such bank or trust company exists, or where such bank or banks fail, refuse or neglect to comply with all of the provisions and conditions of this act, the county court shall designate any other convenient bank, or banks, or trust companies incorporated under the laws of this state, or organized under the laws of the United States, located and doing business in the state; and, provided, further, that *no such depository shall have on deposit at any time more than one hundred thousand dollars of public moneys.*" Section 51 requires the execution of bond by such depository with good and sufficient surety to protect the deposits made therein by the sheriff. Section 52 prescribes: "In event any county depository shall cease to do business, or shall suspend business, the county treasurer and county court at once shall designate and approve, respectively, another bank as a depository in place of the suspended depository."

The circuit court held that the county funds in the Valley Bank, at the time of the appointment of the receiver, in excess of $100,000.00 had been deposited or permitted to remain on deposit therein in violation of section 50 and constituted a trust fund in favor of the county. Deposits of public moneys in a bank in violation of law are trust funds belonging to the governmental unit in behalf of which such deposits are made. *Watts* v. *Cleveland County,* 21 Okla. 231, 99 Pac. 771; *County Court* v. *Matthews,* 99 W. Va. 483, 129 S. E. 399, 52 A. L. R. 751.

We, therefore, affirm the decree of the circuit court.

*Affirmed.*