COUNTY COURT OF NICHOLAS COUNTY, *A Corporation v.* E. L. MORRISON, *Receiver, etc., et al.*

(No. 7811)

Submitted April 25, 1934. Decided May 8, 1934.

*Emmett Horan,* for plaintiff in error.

*Steptoe & Johnson, Stanley C. Morris* and *A. N. Breckinridge,* for appellee United States Fidelity & Guaranty Co.

HATCHER, JUDGE:

On May 4, 1929, the county court of Nicholas County designated the Richwood Banking & Trust Company as a county depository. A bond dated March 4, 1929, was immediately given by the bank with United States Fidelity & Guaranty Company as surety. The bond provided that it was for a term of one year. In July, 1930, the surety accepted from the bank payment of a second annual premium on the bond. The bank closed October 2,

1931, with $14,290.15 of county funds on deposit. On August 3, 1932, the county court served notice on the surety of a motion for judgment for that deposit. The circuit court found in favor of the surety, holding that the bond expired on March 4, 1931.

Code 1923, chapter 39, section 51, prescribes the conditions of the bond of a depository as follows: " * * * and such bond shall be conditioned for the receipt, safekeeping and payment over of all money which may be deposited in or come under the custody of the bank or trust company designated a county depository under the provisions hereof, together with the interest thereon at the rate specified by this act; and such bond shall be further conditioned for the faithful performance by the bank or trust company so designated, of all the duties imposed by this act upon a depository of public moneys."

Code 1923, chapter 39, section 52, provides that upon the acceptance by the county court of the bond referred to in section 51, a bank designated as a depository shall "be the depository * * * of public moneys and remain such for two years and until the bond of its successor is accepted by the county court." This statute imposes upon a bank the duty to serve as directed, i. e. *to remain* a depository for the term specified. That term is not merely two years, *but two years plus the time which intervenes* until the bank is superseded as a depository by its successor. And it is just as much the duty of a bank to remain a depository between the date the two years expires and the date its successor qualifies, as for it to serve as depository during the two-year period itself. The omission of that undertaking from the bond and the inclusion therein of a one-year period are of no consequence. The statute made the full performance of that undertaking a condition of the bond. The law writes the condition into the bond. *State* v. *Nutter,* 44 W. Va. 385, 30 S.E. 67; *Lumber Co.* v. *Smithy,* 107 W. Va. 482, 148 S. E. 850.

Code 1931, 7-6-1 and 2, require the county court on or before June 30th of each year to designate all banking

20

institutions within the county as depositories; and provides that if any such institution fails to execute the depository bond "before August first following such designation, it shall not serve during that fiscal year." The Richwood bank was not in fact designated a depository on or before June 30, 1931. But since the requirement of the statute that *all banks* be so designated makes the designation a mere ministerial act of the county court, its omission of that act is not material. We may treat the designation as having been made. The bank, however, did not execute the requisite bond before August 1, 1931, and was not a depository after that date. Since the surety guaranteed the bank only as a statutory depository, the surety was not responsible for county funds deposited after August 1st, when the bank was not such depository. $334.79 of such funds were deposited between August 1st and the day the bank closed. The acceptance of those funds was illegal. Consequently, the $334.79 should be regarded as a trust fund and the surety held responsible only for the balance of the deposit, to-wit $13,955.36 with interest.

The bond (1) requires a verified statement of the facts showing a default, to be delivered to the surety within twenty days after default; (2) forbids legal proceedings until the expiration of three months from the date of filing proofs of loss with the surety; and (3) forbids legal proceedings after six months from the date the default is discovered by the obligee. Counsel for the surety cite Code 1931, 31-5-5, which provides that an indemnity company "may prescribe such terms and conditions for entering into any contract," as shall be deemed advisable, "except as otherwise provided at law." That provision is an innovation of the Code of 1931, and has no application to a contract of indemnity made in 1929. Upon the suspension of a bank, its affairs are necessarily unsettled. The extent of a default if any is undetermined. The banking commissioner is unable for months in many instances to furnish accurate information of the condition of a deposit. The time limitations in the bond as to notice of default and legal pro-

ceedings are not practical. The limitations would render the bond nugatory. They oppose the spirit and object of the statute. They are separable from the valid provisions of the bond. Therefore "the law will purge the bond" of the limitations. *Furniture Co.* v. *McGuire,* 46 W. Va. 328, 331, 33 S. E. 313, 314.

Counsel point to some technical irregularities in the designation of the bank in 1929, and in the reception of the bond by the county officials. The bank, the surety and the county court all treated the designation as regular and the bond as valid. We cannot heed now the surety's complaint of mere irregularities. "Courts struggle to make public bonds answer public justice." *Furniture Co.* v. *McGuire, supra,* p. 332.

Counsel contend that because the funds in question include moneys due other taxing units besides the county court, such units should be joined with the county court and the controversy heard in equity. Counsel overlook the fact that Code 1923, chapter 39, section 51, does not leave this question open, but specifically provides that "an action shall be on such bond at the instance of the county court."

Counsel raise so many questions (through eighty-one pages of brief) that we have attempted to answer most of them collectively rather than seriatim. Every question has been considered and the answer thereto, if not specific, may be found in the reasons advanced herein.

The judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*