COUNTY COURT OF GREENBRIER COUNTY *v.* THE BANK OF WILLIAMSBURG *et al.*

(CC 519)

Submitted May 1, 1935. Decided June 8, 1935.

See, also, 114 W. Va. 703, 173 S. E. 784.

*E. Minor Wilson* and *Mark L. Jarrett,* for plaintiff.

*Ritchie, Hill & Thomas* and *Conley & Klostermeyer,* for defendants Bank of Williamsburg, E. L. Morrison, and State Banking Commissioner.

*Price & McWhorter,* for defendants J. H. Bransford and J. D. Hume.

LITZ, PRESIDENT:

The initial purpose of this suit was to establish a preference in favor of plaintiff, County Court of Greenbrier County, as

a creditor of defendant, Bank of Williamsburg, which, because of insolvency, was closed January 2, 1932, and has ever since been in the process of liquidation by special receiver appointed by the State Commissioner of Banking. The rulings of the circuit court upon demurrers to an amended and supplemental bill were certified under section 2, article 5, chapter 58, Code 1931.

The Bank of Williamsburg is indebted for public funds deposited therein by the sheriff as *ex officio* treasurer of the county. On January 3, 1930, the bank was by the county court designated a county depository. June 21st, following, it executed bond as such depository in the penalty of $60,000.00 with J. H. Bransford, J. D. Hume, S. W. Hinkle, J. M. Hughart, J. W. McClung and Jacob Miller, sureties. August 4, 1931, the bank was again designated a county depository for the fiscal year commencing June 1, 1931, and ending June 1, 1932. September 28, 1931, it executed a new bond dated July 1, 1931, in the penalty of $40,000.00 with the said S. W. Hinkle, J. W. McClung, J. M. Hughart and Jacob Miller, sureties, which was approved by the prosecuting attorney September 29th and accepted by the court October 6, 1931. The condition of each bond, in conformity with the statute, is to safely keep and pay over promptly all money which may be deposited in or come under the custody of the bank and to faithfully perform all the duties imposed on it by law. The deposits in the bank to the credit of the sheriff as *ex officio* treasurer of the county were on July 1, 1931, $15,348.03, August 1, 1931, $12,578.26, October 6, 1931, $10,173.59, and on January 2, 1932, $23,056.82.

The ruling of the circuit court in sustaining a demurrer to the original bill was reversed on a former appeal and the cause remanded in order that the sureties on the depository bonds might be made parties and for further proceedings. Whereupon the county court filed an amended and supplemental bill, to which the sureties on the depository bonds and the defendants to the original bill were made parties defendant, praying, *inter alia*, that the liability of the sureties on the bonds be established and decretal judgments, accordingly, entered against them in favor of plaintiff, and that the re-

ceiver of the bank be required to pay plaintiff in preference to other creditors and depositors. On demurrers by the respective defendants (except the sureties on the second depository bond) to the amended and supplemental bill, the trial court held that it presented a case for recovery in favor of plaintiff against the sureties on the first depository bond for the funds remaining on deposit to the credit of the sheriff as *ex officio* treasurer of the county August 1, 1931, and against the sureties on the second depository bond for the funds deposited by the sheriff on and after October 5, 1931, and remaining on deposit January 2, 1932; that the bank was not a legal depository after August 1, 1931; and that the prior as well as the subsequent deposits constituted a trust fund in favor of plaintiff. The receiver and commissioner assign error to the ruling that the deposits constituted a trust fund in favor of plaintiff. Defendants, Hume and Bransford, contend that the second bond superseded the first, and that they were thereby relieved of all liability thereunder; and plaintiff cross-assigns error to the ruling of the circuit court rejecting its theory that it is entitled to a preference through the prerogative right of the State.

Sections 1 and 2, article 6, chapter 7, Code 1931 (effective January 1, 1931), requires the county court on or before June 30th of each year to designate all banking institutions within the county as depositories; and provides that if any such institution fails to execute the depository bond before August 1st, following, "such designated bank shall not serve during that fiscal year." The ruling of the trial court that the deposits constituted trust funds for the benefit of the county rests on the theory that the second bond executed by the bank and accepted by the county court after August 1, 1931, did not render the bank a *de jure* depository. The purpose of the new statute, requiring the county court to designate banking institutions within the county as depositories, was, as stated in the reviser's note, to "remove depositories from political contests," by making all banking institutions within the county eligible for the trust. The provision of the statute that any bank failing to execute bond before August 1st, "shall not serve during that fiscal year," should, in our

opinion, be interpreted merely as giving the county court authority to weed out the banks failing to execute bonds within the prescribed time and not as depriving the court of authority to accept subsequent bonds. This view, we think, is strengthened by a further provision requiring the county court to select a depository or depositories from other counties where all of the banks within the county have failed to qualify by giving bonds within the prescribed time. If no banks in a county qualify by August 1st, yet some are willing to do so before the county court actually selects banks from other counties, it would certainly seem that the legislature did not intend that the county court, in such a contingency, would not have authority to accept belated bonds from local banks instead of selecting depositories in other counties.

Under the decision in *County Court of Nicholas County* v. *Morrison,* 115 W. Va. 18, 174 S. E. 562, the first bond executed by the bank June 21, 1930, and its status as depository thereunder terminated August 1, 1931. Did the execution of the second bond, after the bank had ceased to be a depository, supersede the first bond and thereby relieve the sureties thereon from all liability? "When an officer serves successive terms and has a bond with different sureties for each term, the sureties on the bond for the last term are responsible for money in the hands of the officer at the time of the execution of such bond, and it will be presumed that the principal had in his hands moneys which he ought to have had at the beginning of the term covered by the bond." 46 C. J. 1073. We are of the opinion that the general rule, here stated, does not apply in this case, for the reason that the status of the bank as depository under the first bond had terminated before its reappointment for another term, and, therefore, the bond given for the faithful discharge of its duties under its second appointment did not cover defaults under the previous tenure.

The position of the plaintiff that it has a preference, through the prerogative right of the State, is refuted by the decision in *County Court* v. *Matthews, Rec'r.,* 99 W. Va. 483, 129 S. E. 399, 52 A. L. R. 751, in which it is held: "Where county funds are deposited in a bank lawfully designated

as a depository thereof, and the bank becomes insolvent, the county has no prerogative right of preference in the payment of its claim over the general depositors and creditors of the bank.'' We perceive no reason for reversing or revising the well considered opinion in that case.

The order of the circuit court in so far as it holds that the deposits by the sheriff constituted a trust fund in favor of the county is reversed, and in all other respects affirmed.

*Reversed in part; affirmed in part; remanded.*