THE COUNTY COURT OF BOONE COUNTY *v.* THE BANK OF WHITESVILLE *et al.*

(CC 573)

Submitted April 14, 1937. Decided May 11, 1937.

*L. Fulton,* for plaintiff. ·

*Ritchie, Hill & Thomas* and *Leftwich & Shaffer,* for defendants.

MAXWELL, JUDGE:

On this certification we are to appraise the action of the circuit court of Boone County in overruling defendants' demurrer to a bill in chancery.

The county court of Boone County and J. K. Myers, sheriff, seek to have declared a trust fund the sum of $9,689.30, county money, which was on deposit in the name of the sheriff in the Bank of Whitesville, in said county, when the bank was closed by order of the State Banking Commissioner of West Virginia, January 28, 1933. The bank has not resumed business. Other than the Bank of Whitesville, the defendants to the cause are the receiver of the bank, the State Banking Commissioner, several individuals who were sureties on depository bonds of the bank, and the trustee in bankruptcy of certain of the sureties who are bankrupt.

The suit is sought to be grounded on the proposition that the deposit was unlawful. "Deposits of public moneys in a bank in violation of law are trust funds belonging to the governmental unit in behalf of which such deposits are made." *County Court* v. *Bank,* 112 W. Va. 476, 164 S. E. 659.

The sheriff's account in the Bank of Whitesville was inactive. He made no deposits in either of the years 1931 or 1932. There was one deposit in 1933, to-wit, $675.08, January eighth. The charge by the plaintiffs that the entire depository account was illegal is attempted to be justified in certain shortcomings of the depository bonds given by the bank for the protection of the county deposits.

These are the pertinent statutory provisions (Code 7-6-1, 2, 3) : On or before the thirtieth day of June of each year, the county court shall designate all banking institutions in the county as depositories of public funds; before receiving funds on deposit, each banking institution must comply with the requirements of the statute; in order to qualify, such institution must execute bond in a penalty to be fixed by the county court with "at least four resident freeholders as sureties owning in the aggregate real estate having an assessed valuation in excess of encumbrances thereon equal to the penalty of the bond," or with a qualified fidelity or indemnity company as surety; the bond shall be conditioned for the safekeeping and repayment of the money in such deposits. Further, "such bond shall not be accepted by the county court until it shall have been submitted to the prosecuting attorney, and certified by him to be in due and legal form, and conformable to the provisions" of the statute. And there is also the provision that if any banking institution so designated fails to execute bond, approved by the county court, before August first, following such designation, it shall not serve as a depository during that fiscal year.

It is to be noted that the fiscal year in this State begins July first and ends June thirtieth, following.

For the fiscal year 1931-32, according to the allegations of the bill, this is what transpired: September 4, 1931, the county court entered an order designating the Bank of Whitesville a depository. Though that order recited that the bank's bond in the penalty of $20,000.00 was that day approved, it appears from a copy of the bond itself and a later order of the county court that the bond was in fact executed May 2, 1932, and was approved by the county court June 6, 1932. There were four individual sureties on the bond. No order makes mention of the bond's having been approved as to form by the prosecuting attorney, nor does the bond carry his certificate of approval.

Respecting the fiscal year 1932-1933, these, according to the bill, were the happenings: By order of December

22, 1932, the county court designated the Bank of Whitesville a depository. The bank, with three individual sureties, executed a $20,000.00 bond December 24, 1932. This bond was accepted by the county court January 2, 1933. The county court's order makes no mention of approval of the bond by the prosecuting attorney, nor did he certify the bond.

If either of these bonds was a legal bond, the bank's deposit, protected thereby, was not an illegal deposit. The latter bond, if good, protected the entire deposit at the time the bank was closed late in January, 1933. But if the last bond was not good, the preceding one, if it was a good bond, carried through and protected the fund up to and including the time of the closing of the bank, excepting the above mentioned deposit of $675.08, January 9, 1933. *Nicholas County Court* v. *Morrison*, 115 W. Va. 18, 20, 174 S. E. 562. Each of the bonds herein considered was executed and accepted by the county court after the first of August of the fiscal year in which the bond was given. Though the statute clearly contemplates that such bond shall be approved and filed before the first of August, the county court is not precluded from accepting after that date such bond as it may desire to accept. *County Court* v. *Bank*, 116 W. Va. 374, 180 S. E. 445.

Nor was there irregularity in the sheriff's deposit in the Bank of Whitesville on the ground that the bank was not designated a depository by order of the county court before the thirtieth of June in either of the said two fiscal years. Inasmuch as the statute designates all banks in a county as depositories, the statutory provision that the county court shall make designation is merely directory. *County Court* v. *Morrison, supra.*

The above noted statutory requirement that depository bonds shall be approved as to form by the prosecuting attorney is a wholesome provision which should be followed, but it is a safeguard that cannot be classed higher than directory. It is a general rule that the lack of approval of a public bond by the officials charged with the duty of approving it, does not impair the validity of the bond nor to any extent relieve from liability the obligors

thereon. *State* v. *Holston Trust Co.*, 168 Tenn. 546, 79 S. W. (2d) 1012; *City Nat'l. Bank* v. *Eastland County,* (Tex. Civ. App.) 12 S. W. (2d) 662; *Davison County* v. *Bank,* 58 S. D. 141, 235 N. W. 370; Murfree on Official Bonds, section 59. The contemplated approval of the bond is for public protection and not for the benefit of the obligors. Such statutory requirement would become a dangerous boomerang if failure of approval of the bond would be held to destroy the public protection which it was the purpose of the bond to guarantee. *American Book Company* v. *Wells,* (Ky.) 83 S. W. 622, 626; Mechem's Public Offices and Officers, section 269. With all the more reason should a mere directory significance be extended to a statutory provision respecting approval of a bond as to its form alone, and not pertaining to the sufficiency of the sureties.

The aforementioned depository bond for the fiscal year 1932-1933 carries only three individual sureties, whereas, the statute (noted above) calls for four. Does this deficiency illegalize the bond? We hold that it does not. Converging basic principles necessitate this conclusion. The provision under consideration is for public security and in nowise for the avail of the obligors. The public is subjected to needless hazard in the first place because of the acceptance by the county court of a bond with only three sureties. If, because of the shortcoming in the underwriting of the obligation, the bond should be declared illegal, the initial imperfection, for which the public was not responsible, would operate to take from the public even that protection which it has. Such course could not be justified. It would be repellant to reason. An official bond will not be declared invalid except upon the most cogent and satisfactory grounds. *School-Furniture Co.* v. *McGuire,* 46 W. Va. 328, 33 S. E. 313, 76 Am. St. Rep. 822; *Nicholas County Court* v. *Morrison,* 115 W. Va. 18, 174 S. E. 562. Nor will a county court be permitted to take advantage of its own dereliction. The statute carries no provision, expressly or impliedly, invalidating a depository bond for failure of compliance with any of the conditions prescribed by the statute. Of course, wherever

such invalidating provision appears directly or indirectly in a statute, the provision must be given effect, but it is generally held that, in the absence of such provision, non-compliance with directions of a statute respecting the execution of a bond, does not vitiate the bond. *Chambers* v. *Cline*, 60 W. Va. 588, 596, 55 S. E. 999; Murfree on Official Bonds, section 38. Where the public interest is involved, a deficient bond should be judicially enforced to the extent that it may be deemed a binding obligation. And this analysis is applicable whether the sufficiency of the bond is challenged by an obligor or a beneficiary.

Though the public interest requires that courts should uphold a depository bond with fewer sureties than the statute indicates, there nevertheless remains a serious question as to the personal liability of members of a county court who accept such bond, and loss follows because the bond does not carry sufficient number of sureties.

From these considerations it appears that the sheriff's deposit in the Bank of Whitesville was supported by legal bonds, and consequently the deposit itself was legal. Therefore, the effort of the plaintiffs to have the deposit declared a trust fund, fails. For this reason, the bill does not make a case. The demurrer should have been sustained.

We reverse the decree of the trial court, and remand the cause for further proceedings not at variance herewith.

*Reversed and remanded.*